UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

PATRICK COLLINS, INC. DBA ELEGANT
ANGEL PRODUCTIONS,

                          Plaintiff,

            -v-

DOES 1-115,

                         Defendants.
------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/2/12

11 CV 9705 (JPO)

ORDER

J. PAUL OETKEN, District Judge:

      On December 24, 2011, Plaintiff filed a complaint against 115 unidentified defendants ("Does 1-115"), who allegedly "engaged in deliberate distribution of unlawful copies" of a motion picture entitled, "Real Female Orgasm 13," in violation of the U.S. Copyright Act. (Complaint ¶ 8, 13.) On January 4, 2012, Plaintiff filed an *ex parte* motion seeking permission to take expedited discovery from third-party Internet Service Providers ("ISPs") to identify the names, physical addresses, email addresses, and Media Access Control addresses of each unidentified defendant. (Dkt. Nos. 2, 3.) On January 5, 2012, this Court granted Plaintiff's motion. (Dkt. No. 5.)

      There was good cause to grant Plaintiff's *ex parte* motion for expedited discovery because, without it, Plaintiff would have been unable to ascertain the identities of the defendants and effect service upon them. Nevertheless, there is ground for concern that certain defendants might be falsely identified and subjected to incorrect and embarrassing allegations related to copyright infringement of the film. Two recent copyright infringement cases in this district, which similarly involve adult films, have addressed this concern. *See Digital Sin, Inc. v. John Does 1-176*, No. 12 Civ. 126 (S.D.N.Y. Jan. 30, 2012) (Dkt. No. 6); *Digital Sin, Inc. v. John*

1

*Does 1 – 179*, No. 11 Civ. 8172 (S.D.N.Y. Feb. 1, 2012) (Dkt. No. 7) ("[S]uch discovery creates a cognizable risk that the names produced could include individuals who did not in fact download the copyrighted material."). In *Digital Sin, Inc. v. John Does 1-176*, the plaintiff's counsel estimated that approximately 30% of the names disclosed by the ISPs in cases such as these are not the individuals who downloaded the adult films at issue; instead, they may be innocent third-parties, who share an IP address with "a teenaged son . . . or the boyfriend if it's a lady." No. 12 Civ. 126, at *5-6. The true infringer also could be a neighbor, houseguest, customer of a business, or some other person with access to the internet connection. In such cases, there is a risk not only of public embarrassment for the misidentified subscriber, but also that the innocent subscriber may be coerced into an unjust settlement with the plaintiff to prevent the public filing of unfounded allegations that he or she downloaded and distributed sexually explicit material. *See id.* at *6; *see also SBO Pictures, Inc. v. Does 1-3036*, 2011 WL 6002620, at *3 (N.D. Cal. Nov. 30, 2011).

District courts may issue protective orders to spare parties "annoyance, embarrassment, oppression, or undue burden." Fed. R. Civ. P. 26(c)(1). Here, the possibility that the subscribers' names will be publicly associated with false allegations that they illegally downloaded and distributed "Real Female Orgasm 13" satisfies that standard. *See Digital Sin, Inc.*, No. 12 Civ. 126, at *5–6.

The January 5, 2012 order issued by this Court provided certain safeguards requiring the ISPs to "give written notice ... to any affected subscribers ... and inform the subscribers of their right to challenge the subpoena in Court" within 30 days of the order. In light of the two recent decisions in this district, and in the interests of furthering a consistent, equitable judicial

2

response, this Court hereby amends its January 5, 2012 order to provide additional protections as follows:

IT IS HEREBY ORDERED that Plaintiff shall immediately serve a copy of this order on the ISPs listed in Exhibit A and that the ISPs shall serve a copy of this order on John Does 1-115. The ISPs may serve Does 1-115 using any reasonable means, including written notice sent to their last known address, transmitted either by first-class mail or via overnight service.

IT IS FURTHER ORDERED that Plaintiff shall inform the Court by February 6, 2012 whether it has received any defendant's identifying information from the ISPs.

IT IS FURTHER ORDERED that, to the extent that Plaintiff has not received defendants' identifying information, Does 1-115 shall have 60 days from the date of service of this order upon him or her to file any motions with this Court contesting the subpoena (including a motion to quash or modify the subpoena), as well as any request to litigate the subpoena anonymously. The ISPs may not turn over the Doe defendants' identifying information to Plaintiff, if they have not already done so, before the expiration of this 60-day period. Additionally, if a defendant or ISP files a motion to quash the subpoena, the ISPs may not turn over any information to Plaintiff until the issues have been addressed and the Court issues an order instructing the ISPs to resume in turning over the requested discovery.

IT IS FURTHER ORDERED that if that 60-day period lapses without a Doe defendant or ISP contesting the subpoena, the ISPs shall have 10 days to produce the information responsive to the subpoena to Plaintiff. A Doe defendant or ISP who moves to quash or modify the subpoena, or to proceed anonymously, shall at the same time as his or her filing also notify all ISPs so that the ISPs are on notice not to release any of the Doe defendant's contact information to Plaintiff until the Court rules on any such motions.

3

IT IS FURTHER ORDERED that as to any defendant whose identifying information is known to Plaintiff, Plaintiff shall file its amended complaint, which identifies such defendant, under seal with the Court. Does 1–115 shall have 60 days from the date of service of the complaint, or 60 days from the date of this order, whichever is later, to file any applications with this Court under seal.

IT IS FURTHER ORDERED that any information ultimately disclosed to Plaintiff in response to a Rule 45 subpoena may be used by Plaintiff solely for the purpose of protecting its rights as set forth in its complaint.

If Plaintiff objects to allowing defendants to litigate the matter anonymously, Plaintiff is directed to so inform the Court by letter submission by February 10, 2012.

SO ORDERED.

Dated: New York, New York
       February 2, 2012

_____
J. PAUL OETKEN
United States District Judge