```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: MAR 13 2012
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- X
IN RE ADULT FILM COPYRIGHT            :
INFRINGEMENT LITIGATION               :   Master Case No. 11 Civ. 7564
                                      :
This Document Relates to:             :
                                      :
    11 Civ. 7564 (KBF)                :
    11 Civ. 7999 (KBF)                :
    11 Civ. 8172 (KBF)                :
    11 Civ. 9550 (KBF)                :
    11 Civ. 9618 (KBF)                :
    11 Civ. 9688 (KBF)                :
    11 Civ. 9703 (KBF)                :
    11 Civ. 9705 (KBF)                :
    11 Civ. 9706 (KBF)                :
    12 Civ. 0129 (KBF)                :
    12 Civ. 1077 (KBF)                :
    12 Civ. 1169 (KBF)                :
                                      :
------------------------------------- X

KATHERINE B. FORREST, District Judge:

    Finding that the actions listed above involve common questions of law and fact,

    IT IS HEREBY ORDERED that the Clerk of Court shall consolidate the above actions (the "individual actions") for discovery and other pre-trial purposes under Case No. 11 Civ. 7564.  This Court has not decided whether the individual actions will proceed as consolidated beyond the pre-trial phase and will not require plaintiffs to submit a consolidated complaint at this time.  All future filings in the individual actions are to be filed in the docket for Case No. 11 Civ. 7564.  Filings shall

be captioned "IN RE ADULT FILM COPYRIGHT INFRINGEMENT LITIGATION" and shall note to which individual case they are related.

IT IS FURTHER ORDERED that plaintiffs shall immediately serve a copy of this Order on the Internet Service Providers ("ISPs") that have been identified by plaintiffs in Exhibit A of their complaints in the individual actions and that the ISPs shall serve a copy of this Order on each John Doe defendant in the form of a "notice letter." The ISPs may serve each John Doe defendant using any reasonable means.

IT IS FURTHER ORDERED that the notice letters shall be sent by the ISP promptly following the date printed on the notice letter.

IT IS FURTHER ORDERED that plaintiffs shall inform the Court by March 16, 2012, whether they have received any defendant's identifying information from the ISPs.

IT IS FURTHER ORDERED that the John Doe defendants shall have 30 days from the date of service of the notice letter upon him or her to file any motion with this Court contesting the subpoena (including a motion to quash or modify the subpoena), as well as any request to litigate anonymously. The ISPs shall not turn over the Doe defendants' identifying information to plaintiffs, if they have not already done so, before the expiration of this 30-day period.

IT IS FURTHER ORDERED that **a subscriber who wishes to proceed anonymously shall send a letter to the Court (without disclosing his or her identity) requesting permission to proceed anonymously; the letter must identify the subscriber by IP address and Doe number.**[1]  Subscribers may also file a motion to quash or modify the subpoena at the same time, identifying themselves by IP address and Doe number only.  If the ISP is notified by a subscriber that the subscriber has submitted a request to proceed anonymously, the ISP shall not disclose the subscriber's personal information until the Court rules on the motion.

IT IS FURTHER ORDERED that as to any defendant whose identifying information is known to plaintiffs, if that defendant applied to proceed anonymously, plaintiffs shall identify such plaintiff on any filings only by their IP address and Doe number.

---

[1] Counsel for plaintiff is directed to provide the list of IP addresses with associated Doe numbers to the ISPs so that this list may be included in the notice letters and identify for subscribers which Doe number is associated with their IP address.

IT IS FURTHER ORDERED that any information ultimately disclosed to plaintiffs in response to a subpoena may be used by plaintiffs solely for the purpose of protecting their rights as set forth in the complaints brought in the individual actions.

SO ORDERED.

Dated:   New York, New York
         March 13, 2012

                                    _____
                                    KATHERINE B. FORREST
                                    United States District Judge